IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | |
|---|---|
| REGIONS BANK, a<br>state banking association,<br><br>    Plaintiff,<br><br>v.<br><br>ESTATE OF CHARLES G. RYLES,<br>CHECKCARE SYSTEMS,<br>ANDREANA PHIPHER, BLENDA<br>RYLES, CHARLENE RYLES,<br>CHRISTOPHER RYLES, DOROTHY<br>D. RYLES, GREGORY D. RYLES,<br>KERONICA RYLES, KIMBERLY<br>RYLES and SANDRA RYLES,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. CV-05-0014-B<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **FIRST AMENDED COMPLAINT**

### Parties

1. Plaintiff, Regions Bank ("Regions"), is a state banking association with offices in and transacting business within Pike County, Alabama.

2. Defendant, Estate of Charles G. Ryles ("Estate"), whose Administratrix is Charlene Ryles, is being administered in the Probate Court of Pike County, Alabama styled *In re The Estate of Charles G. Ryles, Deceased*; Case No. PC-2003-289 ("Probate Proceedings").

3. Defendant, Checkcare Systems ("Checkcare"), is, upon information and belief an entity transacting business within Pike County, Alabama.

295810.wpd

4.       Defendants, Andreana Phipher, Blenda Ryles, Charlene Ryles, Christopher Ryles, Dorothy D. Ryles, Gregory D. Ryles, Keronica Ryles, Kimberly Ryles and Sandra Ryles are the heirs and/or devisees of Ryles who do or may claim an interest in the real property described hereinbelow, as are identified in the Probate Proceedings.

### Jurisdiction and Venue

5.       This Court has jurisdiction over this proceeding pursuant to the provisions of *Ala. Code* § 12-11-30(1) (1975).

6.       Venue is proper in this Court pursuant to the provisions of *Ala. Code* § 6-3-2(b) (1975) and *Rule 82(b)(1)(B) and (c)* of the *Alabama Rules of Civil Procedure*.

### Factual Allegations

7.       On or about August 22, 2003, a Promissory Note ("2003 Note") was executed and delivered to Regions in the principal amount of $15,008.87 by Ryles whereby he promised to make monthly payments to Regions. The 2003 Note was secured by a Mortgage dated August 22, 2003 ("2003 Mortgage") executed and delivered by Ryles to Regions granting a first priority lien on certain real property located in Pike County, Alabama ("Property"), more particularly described as follows:

> Lot 6, according to the plat of Thomas Heights Subdivision as recorded in the Office of the Judge of Probate of Pike County, Alabama in Plat Book 3, Page 127.

A copy of the 2003 Mortgage recorded in Book 2003, Page 83 in the Office of the Judge of Probate of Pike County, Alabama is attached hereto as Exhibit A.

8. The 2003 Note was a renewal of a prior Note from Ryles in favor of Regions dated December 7, 1994 ("1994 Note") and secured by a Mortgage on the Property of even date ("1994 Mortgage"). Neither the indebtedness under the 1994 Note nor the security under the 1994 Mortgage was released or discharged by the 2003 Note and/or the 2003 Mortgage. A copy of the 1994 Mortgage recorded in Book 418, Page 511 in the Office of Judge of Probate of Pike County, Alabama is attached hereto as Exhibit B.

9. On or about November 24, 2004, an individual named Verlinda Boswell ("Boswell") submitted funds to pay the outstanding indebtedness evidenced by the 2003 Note, apparently in anticipation of receiving a deed to the Property securing the 2003 Mortgage from Regions, which, of course, is a legal impossibility. Boswell demanded that Regions return these funds to her after realizing she could not obtain a deed from Regions, and Regions has done so.

10. On December 16, 2004, a Discharge of Mortgage ("Discharge) was executed by Regions as to the 2003 Mortgage. A copy of the Discharge recorded in Book 2004, Page 2405 in the Office of the Judge of Probate of Pike County, Alabama is attached hereto as Exhibit C. No discharge or release of the 1994 Mortgage appears of record in the Office of the Judge of Probate of Pike County.

11. The 2003 Note secured by the 2003 Mortgage has not been paid or satisfied as is erroneously reflected in the Discharge, and the indebtedness due thereunder exceeds $15,000.00. The 1994 Note secured by the 1994 Mortgage has not been paid or satisfied.

12. Checkcare has a judgment against Ryles in the amount of $573.07, which judgment is recorded in Misc. Book 28, Page 192, in the records of the Office of the Judge of Probate of Pike County, Alabama ("Checkcare Judgment"), prior to recordation of the 2003 Mortgage but subsequent to recordation of the 1994 Mortgage. There are no other mortgages or liens of record filed in the Office of the Judge of Probate of Pike County, Alabama which are prior or junior to the 1994 Mortgage. Regions has filed a Notice of *Lis Pendens* and an Amended Notice of *Lis Pendens* in the Office of the Judge of Probate of Pike County, Alabama, applicable to the Property, copies of which are attached hereto as Exhibits D and E.

### First Cause of Action
### (Expungement of Discharge of Mortgage)

13. Regions realleges and incorporates by reference the allegations in paragraphs 1 - 12 above.

14. A manifest injustice will result if the Property is not subject to the 2003 Mortgage of Regions securing the 2003 Note.

15. There is an actual, justiciable controversy by and between Regions and Defendants as to the rights of Regions as lienor under the 2003 Mortgage on the Property.

16. Plaintiff seeks declaratory relief and a construction of its rights under the 2003 Mortgage and applicable law with respect to the Property.

17. Plaintiff further seeks that the Discharge be expunged from the records of the Office of the Judge of Probate of Pike County, Alabama and the 2003 Mortgage reinstated.

WHEREFORE, the premises considered, Plaintiff requests a declaratory judgment construing the rights of Plaintiff as lienor under the 2003 Mortgage and applicable law, expungement of the Discharge and reinstatement of the 2003 Mortgage, and for such other, further and different relief as may be appropriate, together with costs of Court.

### Second Cause of Action
### (Equitable Lien)

18. Regions realleges and incorporates by reference the allegations in paragraphs 1 - 17 above.

19. Regions received monies in good faith from Boswell, which monies were applied by Regions to the 2003 Note secured by the 2003 Mortgage, thereby benefitting Defendants' respective interests in the Property.

20. In the event the Court does not expunge the Discharge and reinstate the 2003 Mortgage, Defendants would be unjustly enriched as a result of the putative satisfaction of the 2003 Note and 2003 Mortgage without Defendants having paid such sums, as well as any possible concomitant effect on the 1994 Note and 1994 Mortgage.

21. It would be inequitable for Defendants to retain legal title to the Property and enjoy the beneficial interests therein, encumbered only by the Checkcare Judgment, and for the Checkcare Judgment to be a superior lien as to Regions.

WHEREFORE, the premises considered, Plaintiff requests that the Court, in equity, declare an equitable lien upon the Property to the extent that the 1994 Mortgage and/or 2003 Mortgage do not legally and validly create such liens, that said equitable lien be superior to

the Checkcare Judgment, and for such other, further and different relief as may be appropriate, together with costs of Court.

### Third Cause of Action
### (Declaratory Judgment)

22.  Regions realleges and incorporates by reference the allegations in paragraphs 1 - 21 above.

23.  An actual, justiciable controversy exists between Regions and Defendants regarding the rights of Regions with respect to the 1994 Mortgage and to revival and enforcement of the 2003 Mortgage, and the relative priorities of the 1994 Mortgage, revived 2003 Mortgage and the Checkcare Judgment.

24.  Pursuant to *Ala. Code* § 6-6-220 *et seq.* (1975), Regions requests a declaratory judgment declaring the rights, duties, relative priorities and obligations of the parties with respect to the Property, the 1994 Mortgage, the 2003 Mortgage and the Checkcare Judgment, revival of the 2003 Mortgage and enforcement thereof for the benefit of Regions.

WHEREFORE, the premises considered, Plaintiff demands declaratory judgment that the 2003 Mortgage may be revived and enforced for the benefit of Plaintiff, and that, the 1994 Mortgage is superior to the Checkcare Judgment, and for such other, further and different relief, as may be appropriate, together with costs of Court.

_/s/ Alan C. Christian_
Alan C. Christian                        CHR010
Rick A. LaTrace                          LAT107
Attorneys for Plaintiff,
    Regions Bank
Post Office Box 1988
Mobile, Alabama 36633
(251) 432-7682; fax (251) 432-2800

OF COUNSEL:

JOHNSTONE, ADAMS, BAILEY, GORDON & HARRIS, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon counsel for the parties to this proceeding by mailing the same by United States Mail, first class postage prepaid, on this _18th_ day of February, 2005, as follows:

| | |
|---|---|
| James N. Thomas, Esq. | Richard C. Dean, Jr., Esq. |
| Post Office Box 974 | Post Office Box 1028 |
| Troy, Alabama 36081 | Montgomery, Alabama 36101 |

_/s/ Alan C. Christian_

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL**

Ms. Andreana Phipher
80 Country View Drive
Shorter, Alabama 36075

All other Defendants are accepting service of process and submitting appropriate acceptances to the Clerk.

[FILED FEB 2005 Brenda Mealing Peacock stamp]

295810.wpd                              7