IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | |
|---|---|
| REGIONS BANK, a<br>state banking association,<br><br>    Plaintiff and Counter Claim<br>    Defendant as to Parcel 1<br><br>CHARLENE RYLES, Administrator<br>of the Estate of Charlie G. Ryles and<br>CHARLENE RYLES, INDIVIDUALLY<br><br>    Counter/Cross Claim Plaintiff.<br><br>V.<br><br>THE ESTATE OF CHARLES G.<br>RYLES;  CHECK CARE SYSTEMS;<br>ANDREANA PHIPHER<br>BLENDA RYLES; CHARLENE<br>RYLES; CHRISTOPHER RYLES;<br>DOROTHY D. RYLES; GREGORY D.<br>RYLES; KERONICA RYLES;<br>KIMBERLY RYLES & SANDRA<br>RYLES<br>    Defendants; Counter Claim<br>    Defendants; and Cross claim<br>    Defendants. | CIVIL ACTION NO. CV -05-B- 014 |

## ANSWER; COUNTER CLAIM; AND CROSS CLAIM

**COMES NOW** the Defendants, The Estate of Charlie G. Ryles by and through its administrator Charlene Ryles and Charlene G. Ryles in her individual capacity, by and through their Counsel of Record herein and states the following as their answer, affirmative defenses, Counter Claims, and Cross Claims, in the above- entitled and numbered causes:

1. The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph one of the complaint and therefore, denies same.

2. The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph two of the complaint and therefore, denies same.

3. The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph three of the complaint and therefore, denies same.

4. The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph four of the complaint and therefore, denies same.

5. The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph five of the complaint and therefore, denies same.

6. The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph six of the complaint and therefore, denies same.

7. The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph seven of the complaint and therefore, denies same.

8. The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph eight of the complaint and therefore, denies same.

9. The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph nine of the

complaint and therefore, denies same.

10. The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph ten of the complaint and therefore, denies same.

11. The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph eleven of the complaint and therefore, denies same.

12. The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph twelve of the complaint and therefore, denies same.

13. The complaint in each count thereof separately and severally fails to state a claim against the Defendants upon which relief can be granted.

14. The Defendants aver that all claims are barred by the statute of limitations.

15. The Defendants plead the general issues.

16. The Defendants plead that this Court is without jurisdiction.

17. The Defendants plead that venue is not proper.

18. The Defendants claims are barred by the parole evidence rule, statute of frauds and the Doctrine of Merger.

19. The Defendants aver that the Plaintiff's claims are barred by the doctrine of laches, waiver, contributory negligence, accord and satisfaction, lack of standing, and failure to read.

20. The Plaintiff is estopped from raising the alleged claims in the complaint and or has waived any such alleged claims.

## COUNTER CLAIM AND CROSS CLAIM COMPLAINT
## FOR SELL FOR DIVISION OF REAL PROPERTY

NOW AFTER having set forth the Foregoing Answer and Affirmative Defenses, the Counter Claim-Plaintiffs and Cross Claim Plaintiffs, The Estate of Charlie G. Ryles and Charlene Ryles, individually, by and through her Counsel of record herein, pursuant to Rule 13(a), 13(b), 13 (g), 13(h), 19(a)(1) and 20 of the *Alabama Rules of Civil Procedure* and 35-6-20 *Code of Alabama (1975)*, hereby, simultaneously files their Counter Claim and Cross Claim against the following Counter Claim Defendants and Cross Claim Defendants, as described in the style herein above and as otherwise further described herein below, to wit:

1.  The Counter Claim and Cross Claim Plaintiff, The Estate of Charlie G. Ryles, is a validly formed Estate Administration open in the Probate Court of Pike County, Alabama by and through its administrator, Charlene G. Ryles.

2.  The Counter Claim and Cross Claim Plaintiff, Charlene Ryles is over the age of nineteen (19) years and is a resident of Pike County, Alabama.

3.  The Counterclaim-Defendant, Regions Bank, a State Banking Association, is believed to be a State Banking Association operating and doing business in Pike County.

4.  The Counterclaim-Defendant, Check Care Systems, is upon information and belief a entity or business transaction business in Pike County, Alabama.

4.  The Counter Claim and Cross claim Defendant, Andreana Phipher is over the age of nineteen (19) years and is a resident Shorter Macon County, Alabama.

5.  The Counter Claim and Cross Claim Defendant, Gregory D. Ryles is over the age of nineteen (19) years and is a resident of Pike County, Alabama.

6. The Counter Claim and Cross Claim Defendant, Sandra. Ryles is over the age of nineteen (19) years and is a resident of Pike County, Alabama.

7. The Counter Claim and Cross Claim Defendant, Blenda Ryles is over the age of nineteen (19) years and is a resident of Pike County, Alabama.

8. The Counter Claim and Cross Claim Defendant, Keronica Ryles is over the age of nineteen (19) years and is a resident of Pike County, Alabama.

9. The Counter Claim and Cross Claim Defendant, Kimberly Ryles is over the age of nineteen (19) years and is a resident of Pike County, Alabama.

10. The Counter Claim and Cross Claim Defendant, Christopher Ryles is over the age of nineteen (19) years and is a resident of Pike County, Alabama.

11. The Counter Claim and Cross Claim Defendant, Dorothy D. Ryles is over the age of nineteen (19) years and is a resident of Pike County, Alabama.

## STATEMENT OF THE FACTS

12. There are two properties that are the subject of this action which are referred to in this complaint as parcel 1 and parcel 2.

13. The Plaintiff Cross Claim Defendant Regions Bank held a mortgage on that parcel described in this complaint as parcel 1.

14. Parcel one is more particularly described as follows:
**Lot 6 according to the Plat of Thomas Heights Subdivision as recorded in the Office of the Judge of Probate of Pike County, Alabama in Plat Book 3, page 127.**

15. Counter Claim/ Cross Claim Plaintiff and Cross Claim Defendants are co-owners or tenants in common of both parcel 1 and parcel 2.

16. Parcel 2, is not encumbered by a mortgage.

15. Parcel 2 is more particularly described as a house and lot follows:

**Commencing at the intersection of the East line of the Northeast quarter of the Southwest quarter, Section 29, Township 9 North, Range 20 East, and the North right of way of the Goshen-Little Oak paved highway; thence South 69 degrees 45 minutes West 91.1 feet along the highway right of way; thence North 11 degrees 25 minutes West 163.1 feet; thence North 69 degrees 45 minutes East 135.2 feet; thence South 11 degrees 25 minutes East 163.1 feet to the highway right of way; thence South 69 degrees 45 minutes West 44.1 feet along the highway right of way to the point of beginning. Said lot lying and being in the Northeast quarter of the Southwest quarter, the Southeast quarter of the Northwest quarter, the Southwest quarter of the Northeast quarter, and the Northwest quarter of the Southeast quarter, all in Section 29, Township 9 North, Range 20 East.**

15. Each party named below owns a fractional interest in parcels 1 and 2 as follows:

| # | Name | Interest |
|---|---|---|
| 1. | Charlene Ryles: | 1/9th interest |
| 2. | Gregory D. Ryles | 1/9th interest |
| 3. | Sandra Ryles | 1/9th interest |
| 4. | Andreana Phipher | 1/9th interest |
| 5. | Blenda Ryles | 1/9th interest |
| 6. | Keronica Ryles | 1/9th interest |
| 7. | Kimberly Ryles | 1/9th interest |
| 8. | Christopher Ryles | 1/9th interest |
| 9. | Dorothy D. Ryles | 1/9th interest |

Said ownership interest resulted from the death of their father, Charlie G. Ryles, who passed away on or about September 28, 2003 without leaving a will. At the time of the death of Charlie G. Ryles, he was the sole fee simple owner of the subject property as evidenced by that deed recorded in the Office of the Judge of Probate for Pike County, Alabama in book **117, page 486** and book **172, page 726**. An estate administration was opened in the Pike County Probate Court, case number PC 2003-289.

15. The property cannot be equitably divided or partitioned among the co-tenants or tenants in common as both parcels are small lots each containing a single residential family dwelling.

16. Counter and Cross Claim Plaintiffs have retained the undersigned counsel to

represent them in the commencement and prosecution of this action whose services in this action will benefit and inure to all co-owners or tenants in common.

WHEREFORE, Plaintiffs pray that this Court will take jurisdiction of this action and upon a hearing of this action will:

1. Order, adjudge, decree and declare the respective rights, titles and fractional interests of the parties to this action;

2. Determine that the property cannot be equitably divided or partitioned among the co-owners or tenants in common in accordance with their fractional interests;

3. Order that the property be sold at public sale to the highest and best bidder therefore;

4. Order the distribution of the proceeds of the sale of the property, after deduction for all allowable costs and expenses of this action and the sale, to the co-owners or tenants in common in accordance with their respective interests in and to the property after payment of said mortgage, if same should be reinstated, and judgement lien; and

5. Allow as a cost and expense of this action a reasonable fee to the attorney for the counter claim plaintiff for the commencement and prosecution of this action pursuant to Alabama Code Section 34-3-60.

Counter and Cross Claim Plaintiffs pray for such other, further and different relief to which they may be entitled.

_____
James N. Thomas (Tho 148)
Attorney for Defendant and Counter/Cross
Claim Plaintiffs

_____
Charlene Ryles, Defendant and
Counter/Cross Claim Plaintiff

OF COUNSEL:

James N. Thomas, LLC
James N. Thomas
Post Office Box 974
Troy, Alabama 36081-0974
(334)566-2181



APR 2005
FILED
Brenda Meadows Peacock
Court Clerk
Pike Co., Ala.

STATE OF ALABAMA

COUNTY OF PIKE

    I, Carlee Motes, the undersigned Notary Public in and for said county and the State at Large, hereby certify that, **Charlene Ryles** whose name **is** signed to the foregoing Answer, Counter Claim and Cross Claim, individually and as Executor of the Estate of Charlie G. Ryles who **is** known to me, acknowledged before me that, being informed of the contents of said Pleading, **she** executed the same voluntarily, on the day the same bears date.

    Given under my hand this the 31st day of **March, 2005.**

*Carlee Motes*
Notary Public
My commission expires: 4/8/06

SERVE BY SHERIFF'S SERVICE:

Andreana Phipher
80 County View Drive
Shorter, Al 36075

