## IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

REGIONS BANK, a )
state banking association, )
  )
    **Plaintiff and Counter Claim** )
    **Defendant as to Parcel 1** )
  )
CHARLENE RYLES, Administrator )
of the Estate of Charlie G. Ryles and )
CHARLENE RYLES, INDIVIDUALLY )
  )
    **Counter/Cross Claim Plaintiff.** )
  )
    **V.** )
  )
THE ESTATE OF CHARLES G. )
RYLES;  CHECK CARE SYSTEMS; )
ANDREANA PHIPHER )
BLENDA RYLES; CHARLENE )
RYLES; CHRISTOPHER RYLES; )
DOROTHY D. RYLES; GREGORY D. )
RYLES; KERONICA RYLES; )
KIMBERLY RYLES & SANDRA )
RYLES )
    **Defendants; Counter Claim** )
    **Defendants; and Cross claim** )
    **Defendants.** )

CIVIL ACTION NO. CV -05-B- 014

## ANSWER; COUNTER CLAIM; AND CROSS CLAIM

    **COMES NOW** the Defendants, The Estate of Charlie G. Ryles by and through its administrator Charlene Ryles and Charlene G. Ryles in her individual capacity, by and through their Counsel of Record herein and states the following as their answer, affirmative defenses, Counter Claims, and Cross Claims, in the above- entitled and numbered causes:

    1.    The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph one of the complaint and therefore, denies same.

PLAINTIFF'S EXHIBIT B

2.    The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph two of the complaint and therefore, denies same.

3.    The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph three of the complaint and therefore, denies same.

4.    The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph four of the complaint and therefore, denies same.

5.    The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph five of the complaint and therefore, denies same.

6.    The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph six of the complaint and therefore, denies same.

7.    The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph seven of the complaint and therefore, denies same.

8.    The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph eight of the complaint and therefore, denies same.

9.    The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph nine of the

complaint and therefore, denies same.

10.    The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph ten of the complaint and therefore, denies same.

11.    The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph eleven of the complaint and therefore, denies same.

12.    The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph twelve of the complaint and therefore, denies same.

13.    The complaint in each count thereof separately and severally fails to state a claim against the Defendants upon which relief can be granted.

14.    The Defendants aver that all claims are barred by the statute of limitations.

15.    The Defendants  plead the general issues.

16.    The Defendants plead that this Court is without jurisdiction.

17.    The Defendants plead that venue is not proper.

18.    The Defendants claims are barred by the parole evidence rule, statute of frauds and  the Doctrine of Merger.

19.    The Defendants aver that the Plaintiff's claims are barred by the doctrine of laches, waiver, contributory negligence, accord and satisfaction, lack of standing, and failure to read.

20.    The Plaintiff is estopped from raising the alleged claims in the complaint and or has waived any such alleged claims.

## COUNTER CLAIM AND CROSS CLAIM COMPLAINT
## FOR SELL FOR DIVISION OF REAL PROPERTY

NOW AFTER having set forth the Foregoing Answer and Affirmative Defenses, the Counter Claim-Plaintiffs and Cross Claim Plaintiffs, The Estate of Charlie G. Ryles and Charlene Ryles, individually, by and through her Counsel of record herein , pursuant to Rule 13(a), 13(b), 13 (g), 13(h), 19(a)(1) and 20 of the *Alabama Rules of Civil Procedure* and 35-6-20 *Code of Alabama (1975),* hereby, simultaneously files their Counter Claim and Cross Claim against the following Counter Claim Defendants and Cross Claim Defendants, as described in the style herein above and as otherwise further described herein below, to wit:

1.    The Counter Claim and Cross Claim Plaintiff, The Estate of Charlie G. Ryles, is a validly formed Estate Administration open in the Probate Court of Pike County, Alabama by and through its administrator, Charlene G. Ryles.

2.    The Counter Claim and Cross Claim Plaintiff, Charlene Ryles is over the age of nineteen (19) years and is a resident of Pike County, Alabama.

3.    The Counterclaim-Defendant, Regions Bank, a State Banking Association, is believed to be a State Banking Association operating and doing business in Pike County.

4.    The Counterclaim-Defendant, Check Care Systems, is upon information and belief a entity or business transaction business in Pike County, Alabama.

4.    The Counter Claim and Cross claim Defendant, Andreana Phipher is over the age of nineteen (19) years and is a resident Shorter  Macon County, Alabama.

5.    The Counter Claim and Cross Claim  Defendant, Gregory D. Ryles is over the age of nineteen (19) years and is a resident of Pike County, Alabama.

6.     The Counter Claim and Cross Claim Defendant, Sandra. Ryles is over the age of nineteen (19) years and is a resident of Pike County, Alabama.

7.     The Counter Claim and Cross Claim Defendant, Blenda Ryles is over the age of nineteen (19) years and is a resident of Pike County, Alabama.

8.     The Counter Claim and Cross Claim Defendant, Keronica  Ryles is over the age of nineteen (19) years and is a resident of Pike County, Alabama.

9.     The Counter Claim and Cross Claim Defendant, Kimberly  Ryles is over the age of nineteen (19) years and is a resident of Pike County, Alabama.

10.     The Counter Claim and Cross Claim Defendant, Christopher  Ryles is over the age of nineteen (19) years and is a resident of Pike County, Alabama.

11.     The Counter Claim and Cross Claim Defendant, Dorothy D.  Ryles is over the age of nineteen (19) years and is a resident of Pike County, Alabama.

## STATEMENT OF THE FACTS

12.     There are two properties  that are  the subject of this action which are referred to in this  complaint as parcel 1 and parcel 2.

13.     The Plaintiff Cross Claim Defendant Regions Bank held  a mortgage on that parcel described in this complaint as  parcel 1.

14.     Parcel one is more particularly described as  follows:
**Lot 6 according to the Plat of Thomas Heights Subdivision as recorded in the Office of the Judge of Probate of Pike County, Alabama in Plat Book 3, page 127.**

15.     Counter Claim/ Cross Claim Plaintiff and Cross  Claim Defendants are co-owners or tenants in common of both parcel 1 and parcel 2.

16.     Parcel 2, is not encumbered by a mortgage.

15.     Parcel 2 is more particularly described as a house and lot follows:

**Commencing at the intersection of the East line of the Northeast quarter of the Southwest quarter, Section 29, Township 9 North, Range 20 East, and the North right of way of the Goshen-Little Oak paved highway; thence South 69 degrees 45 minutes West 91.1 feet along the highway right of way; thence North 11 degrees 25 minutes West 163.1 feet; thence North 69 degrees 45 minutes East 135.2 feet; thence South 11 degrees 25 minutes East 163.1 feet to the highway right of way; thence South 69 degrees 45 minutes West 44.1 feet along the highway right of way to the point of beginning. Said lot lying and being in the Northeast quarter of the Southwest quarter, the Southeast quarter of the Northwest quarter, the Southwest quarter of the Northeast quarter, and the Northwest quarter of the Southeast quarter, all in Section 29, Township 9 North, Range 20 East.**

15.     Each party named below owns a fractional interest in parcels 1 and 2 as follows:

| | | |
|---|---|---|
| 1. | Charlene Ryles: | 1/9th interest |
| 2. | Gregory D. Ryles | 1/9th interest |
| 3. | Sandra Ryles | 1/9th interest |
| 4. | Andreana Phipher | 1/9th interest |
| 5. | Blenda Ryles | 1/9th interest |
| 6. | Keronica Ryles | 1/9th interest |
| 7. | Kimberly Ryles | 1/9th interest |
| 8. | Christopher Ryles | 1/9th interest |
| 9. | Dorothy D. Ryles | 1/9th interest |

Said ownership interest resulted from the death of their father, Charlie G. Ryles, who passed away on or about September 28, 2003 without leaving a will. At the time of the death of Charlie G. Ryles, he was the sole fee simple owner of the subject property as evidenced by that deed recorded in the Office of the Judge of Probate for Pike County, Alabama in book **117, page 486** and book **172, page 726**. An estate administration was opened in the Pike County Probate Court, case number PC 2003-289.

15.     The property cannot be equitably divided or partitioned among the co-tenants or tenants in common as both parcels are small lots each containing a single residential family dwelling.

16.     Counter and Cross Claim Plaintiffs have retained the undersigned counsel to

represent them in the

commencement and prosecution of this action whose services in this action will benefit and inure

to all co-owners or tenants in common.

WHEREFORE, Plaintiffs pray that this Court will take jurisdiction of this action and

upon a hearing of this action will:

1.    Order, adjudge, decree and declare the respective rights, titles and fractional

interests of the parties to this action;

2.    Determine that the property cannot be equitably divided or partitioned among the

co-owners or tenants in common in accordance with their fractional interests;

3.    Order that the property be sold at public sale to the highest and best bidder

therefore;

4.    Order the distribution of the proceeds of the sale of the property, after deduction

for all allowable costs and expenses of this action and the sale, to the co-owners or

tenants in common in accordance with their respective interests in and to the

property after payment of said mortgage, if same should be reinstated, and

judgement lien; and

5.    Allow as a cost and expense of this action a reasonable fee to the attorney for the

counter claim plaintiff for the commencement and prosecution of this action

pursuant to Alabama Code Section 34-3-60.

Counter and Cross Claim Plaintiffs pray for such other, further and different relief to

which they may be entitled.

STATE OF ALABAMA

COUNTY OF PIKE

I, Carlee Motes, the undersigned Notary Public in and for said county and the State at Large, hereby certify that, **Charlene Ryles** whose name **is** signed to the foregoing Answer, Counter Claim and Cross Claim, individually and as Executor of the Estate of Charlie G. Ryles who **is** known to me, acknowledged before me that, being informed of the contents of said Pleading, **she** executed the same voluntarily, on the day the same bears date.

Given under my hand this the 31ˢᵗ day of **March, 2005.**



Notary Public
My commission expires:___ 4/8/06___

SERVE BY SHERIFF'S SERVICE:

Andreana Phipher
80 County View Drive
Shorter, Al 36075

_James v. Thomas_

James N.  Thomas (Tho 148)
Attorney for Defendant and Counter/Cross
Claim Plaintiffs

_Charlene Ryles_

Charlene Ryles, Defendant and
Counter/Cross Claim Plaintiff

OF COUNSEL:

James N. Thomas, LLC
James N. Thomas
Post Office Box 974
Troy, Alabama 36081-0974
(334)566-2181



## IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | |
|---|---|
| REGIONS BANK, a<br>state banking association,<br><br>    **Plaintiff and Counter Claim<br>    Defendant as to Parcel 1**<br><br>**CHARLENE RYLES, Administrator**<br>of the Estate of Charlie G. Ryles and<br>**CHARLENE RYLES, INDIVIDUALLY**<br><br>    **Cross Claim Plaintiff,**<br><br>    **V.**<br><br>**THE ESTATE OF CHARLES G.<br>RYLES;  CHECK CARE SYSTEMS;<br>ANDREANA PHIPHER<br>BLENDA RYLES; CHARLENE<br>RYLES; CHRISTOPHER RYLES;<br>DOROTHY D. RYLES; GREGORY D.<br>RYLES; KERONICA RYLES;<br>KIMBERLY RYLES & SANDRA<br>RYLES,<br>    Defendants; Counter Claim<br>    Defendants; and Cross Claim<br>    Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **CIVIL ACTION NO. CV -05-B- 014** |

## MOTION TO AMEND COMPLAINT

COMES NOW Charlene Ryles personally and as the Administrator of the Estate of

Charles G. Ryles, the Cross /Counter Claim Plaintiff and Counter Claim Defendant in the above-

styled cause (hereinafter "Plaintiff"), by and through her Counsel of Record herein, pursuant

Rules 15 and 19 of the *Alabama Rules of Civil Procedure,* and request that the Court permit the

Cross /Counter Claim Plaintiff and Counter Claim Defendant to amend the complaint by adding

the Internal Revenue Service as a "Necessary Party",  and for grounds in support, states as

follows:

PLAINTIFF'S<br>EXHIBIT<br>C

1.      The property which is the subject matter of the Litigation was set to be sold by Court Order on August 24, 2005 at a "Sale for Division" and the proceeds divided among the heirs and other parties.

2.      Counsel for Defendant was of the belief that the property was clear and free of any judgment liens against the heirs of Charles G. Ryles, except for those previously named as parties to the Action, given the fact that Counsel for Regions Bank ordered an Abstract of Tile prior to its initiation of these proceedings by filing a Complaint to Reinstate Mortgage.

3.      Two days prior to the sell, Counsel for the Plaintiff was contacted by an individual who was interested in purchasing the property. That individual inquired if Counsel could certify the title and a title search was conducted by Counsel's Office the next day. The search disclosed the existence of a lien held by the Internal Revenue Service against Gregory D. Ryles in the original amount of $7,685.45 as recorded in book 2004 page 120 in the Office of the Judge of Probate of Pike County Alabama. Said lien is attached hereto and made part hereof as **Exhibit "A"**. Said lien was overlooked by the abstract company that conducted the original search.

4.      Counsel for the Plaintiff requested the Court and Clerk delay the sell so the IRS could be named as a necessary party to the Sale For Division.

5.      Counsel made extensive efforts to contact Gregory D. Ryles to confirm the lien belonged to him after the sale date. Only this past week was this confirmation obtained from the family.

6.    The Courts have adopted a liberal policy toward allowing amendments: unless the

opposing party can make some showing that they will be prejudiced by the

amendment it should be allowed.  *McElrath v. Consolidated Pipe and Supply Co.,*

351 So. 2d 560 (Ala. 1977).   Further, under Rule 19 of the *Alabama Rules of*

*Civil Procedure*:  when the absence of a party would work prejudice to the other

parties to the Action it is proper to allow the addition of the new party.

WHEREFORE, the undersigned respectfully requests that this Honorable Court enter an

Order allowing the attached amended complaint and adding the Internal Revenue Service as a

proper and necessary party to this action.

James N. Thomas
Attorney for Cross Claim Plaintiff...
THO148


**OF COUNSEL:**

JAMES N. THOMAS, LLC
James N. Thomas
Attorney at Law
Post Office Box 974
Troy, Alabama 36081
(334)566-2181


I hereby certify that I have served a copy of the forgoing Motion on the Defendant at the
following addresses by mailing a copy of same by Unites States Mail properly addressed and first
class postage prepaid, on this 19th   day of September, 2005:

Alan C. Christian
Johnstone and Adams
Post Office Box 1988
Mobile, Alabama 36633

Charlene Ryles
P.O. Box 113
441 Bowden Street
Brundidge, AL 36010

Gregory D. Ryles
352 Aster Ave.
Troy, AL 36081

Sandra Ryles
P.O. Box 833
Troy, AL 36081

Blenda Ryles
PO Box 1272
352 Aster Ave
Troy, AL 36081

Keronica Ryles
PO Box 833
Troy, AL 36081

Kimberly Ryles
PO Box 662
Troy, Al 36081

Christopher Ryles
352 Aster Ave
Troy, Alabama 36081

Dorothy D. Ryles
656 Henderson Drive Apartment 1
Troy, Alabama   36081

Andreana Phipher
80 County View Dr
Shorter, Al 36075-3562

James N. Thomas

## IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | | |
|---|---|---|
| REGIONS BANK, a<br>state banking association, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. CV-2005-_____ |
| | ) | |
| ESTATE OF CHARLES G. RYLES,<br>CHECKCARE SYSTEMS, and<br>fictitious parties A, B, C and D, being<br>the heirs and/or devisees of Charles G.<br>Ryles, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

### **Parties**

1.     Plaintiff, Regions Bank ("Regions"), is a state banking association with offices in and transacting business within Pike County, Alabama.

2.     Defendant, Estate of Charles G. Ryles ("Estate"), whose Executor/Executrix/ Administrator/Administratrix is unknown to Regions, is, upon information and belief, being administered in the Probate Court of Pike County, Alabama, Charles G. Ryles ("Ryles") being deceased.

3.     Defendant, Checkcare Systems ("Checkcare"), is, upon information and belief an entity transacting business within Pike County, Alabama.



293961.wpd

4.    Fictitious Parties A, B, C and D are the heirs and/or devisees of Ryles who do or may claim an interest in the real property described hereinbelow.

### Jurisdiction and Venue

5.    This Court has jurisdiction over this proceeding pursuant to the provisions of *Ala. Code* § 12-11-30(1) (1975).

6.    Venue is proper in this Court pursuant to the provisions of *Ala. Code* § 6-3-2(b) (1975) and *Rule 82(b)(1)(B) and (c)* of the *Alabama Rules of Civil Procedure*.

### Factual Allegations

7.    On or about August 22, 2003, a Promissory Note ("2003 Note") was executed and delivered to Regions in the principal amount of $15,008.87 by Ryles whereby he promised to make monthly payments to Regions. The 2003 Note was secured by a Mortgage dated August 22, 2003 ("2003 Mortgage") executed and delivered by Ryles to Regions granting a first priority lien on certain real property located in Pike County, Alabama ("Property"), more particularly described as follows:

> Lot 6, according to the plat of Thomas Heights Subdivision as recorded in the Office of the Judge of Probate of Pike County, Alabama in Plat Book 3, Page 127.

A copy of the 2003 Mortgage recorded in Book 2003, Page 83 in the Office of the Judge of Probate of Pike County, Alabama is attached hereto as Exhibit A.

8.    The 2003 Note was a renewal of a prior Note from Ryles in favor of Regions dated December 7, 1994 ("1994 Note") and secured by a Mortgage on the Property of even date ("1994 Mortgage"). Neither the indebtedness under the 1994 Note nor the security

under the 1994 Mortgage was released or discharged by the 2003 Note and/or the 2003 Mortgage. A copy of the 1994 Mortgage recorded in Book 418, Page 511 in the Office of Judge of Probate of Pike County, Alabama is attached hereto as Exhibit B.

9.      On or about November 24, 2004, an individual named Verlinda Boswell ("Boswell") submitted funds to pay the outstanding indebtedness evidenced by the 2003 Note, apparently in anticipation of receiving a deed to the Property securing the 2003 Mortgage from Regions, which, of course, is a legal impossibility. Boswell demanded that Regions return these funds to her after realizing she could not obtain a deed from Regions, and Regions has done so.

10.     After November 24, 2004 and prior to January 13, 2005, a Discharge of Mortgage ("Discharge) was executed by Regions as to the 2003 Mortgage. A copy of the Discharge presently being recorded in the Office of the Judge of Probate of Pike County, Alabama. No discharge or release of the 1994 Mortgage appears of record in the Office of the Judge of Probate of Pike County.

11.     The 2003 Note secured by the 2003 Mortgage has not been paid or satisfied as is erroneously reflected in the Discharge, and the indebtedness due thereunder exceeds $15,000.00. The 1994 Note secured by the 1994 Mortgage has not been paid or satisfied.

12.     Checkcare has a judgment against Ryles in the amount of $573.07, which judgment is recorded in Misc. Book 28, Page 192, in the records of the Office of the Judge of Probate of Pike County, Alabama ("Checkcare Judgment"), prior to recordation of the 2003 Mortgage but subsequent to recordation of the 1994 Mortgage. There are no other

293961.wpd                                        3

mortgages or liens of record filed in the Office of the Judge of Probate of Pike County,

Alabama which are prior or junior to the 1994 Mortgage. Regions will file a Notice of *Lis*

*Pendens* in the Office of the Judge of Probate of Pike County, Alabama, applicable to the

Property, a copy of which is attached hereto as Exhibit C.

### First Cause of Action
### (Expungement of Discharge of Mortgage)

13.    Regions realleges and incorporates by reference the allegations in paragraphs

1 - 12 above.

14.    A manifest injustice will result if the Property is not subject to the 2003

Mortgage of Regions securing the 2003 Note.

15.    There is an actual, justiciable controversy by and between Regions and

Defendants as to the rights of Regions as lienor under the 2003 Mortgage on the Property.

16.    Plaintiff seeks declaratory relief and a construction of its rights under the 2003

Mortgage and applicable law with respect to the Property.

17.    Plaintiff further seeks that the Discharge be expunged from the records of the

Office of the Judge of Probate of Pike County, Alabama and the 2003 Mortgage reinstated.

WHEREFORE, the premises considered, Plaintiff requests a declaratory judgment

construing the rights of Plaintiff as lienor under the 2003 Mortgage and applicable law,

expungement of the Discharge and reinstatement of the 2003 Mortgage, and for such other,

further and different relief as may be appropriate, together with costs of Court.

293961.wpd                                             4

## Second Cause of Action
### (Equitable Lien)

18.    Regions realleges and incorporates by reference the allegations in paragraphs 1 - 17 above.

19.    Regions received monies in good faith from Boswell, which monies were applied by Regions to the 2003 Note secured by the 2003 Mortgage, thereby benefitting Defendants' respective interests in the Property.

20.    In the event the Court does not expunge the Discharge and reinstate the 2003 Mortgage, Defendants would be unjustly enriched as a result of the putative satisfaction of the 2003 Note and 2003 Mortgage without Defendants having paid such sums, as well as any possible concomitant effect on the 1994 Note and 1994 Mortgage.

21.    It would be inequitable for the Estate and/or the fictitious party Defendants to retain legal title to the Property and enjoy the beneficial interests therein, encumbered only by the Checkcare Judgment, and for the Checkcare Judgment to be a superior lien as to Regions.

WHEREFORE, the premises considered, Plaintiff requests that the Court, in equity, declare an equitable lien upon the Property to the extent that the 1994 Mortgage and/or 2003 Mortgage do not legally and validly create such liens, that said equitable lien be superior to the Checkcare Judgment,    and for such other, further and different relief as may be appropriate, together with costs of Court.

293961.wpd                                              5

### Third Cause of Action
### (Declaratory Judgment)

22.    Regions realleges and incorporates by reference the allegations in paragraphs 1 - 21 above.

23.    An actual, justiciable controversy exists between Regions and Defendants regarding the rights of Regions with respect to the 1994 Mortgage and to revival and enforcement of the 2003 Mortgage, and the relative priorities of the 1994 Mortgage, revived 2003 Mortgage and the Checkcare Judgment.

24.    Pursuant to *Ala. Code* § 6-6-220 *et seq.* (1975), Regions requests a declaratory judgment declaring the rights, duties, relative priorities and obligations of the parties with respect to the Property, the 1994 Mortgage, the 2003 Mortgage and the Checkcare Judgment, revival of the 2003 Mortgage and enforcement thereof for the benefit of Regions.

WHEREFORE, the premises considered, Plaintiff demands declaratory judgment that the 2003 Mortgage may be revived and enforced for the benefit of Plaintiff, and that, the 1994 Mortgage is superior to the Checkcare Judgment, and for such other, further and different relief, as may be appropriate, together with costs of Court.

Alan C. Christian                    CHR010
Rick A. LaTrace                      LAT107
Attorneys for Plaintiff,
    Regions Bank
Post Office Box 1988
Mobile, Alabama 36633
(251) 432-7682; fax (251) 432-2800

OF COUNSEL:

JOHNSTONE, ADAMS, BAILEY, GORDON & HARRIS, L.L.C.

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL**

Estate of Charles G. Ryles
c/o James N. Thomas, Esq.
Post Office Box 974
Troy, Alabama  36081

Checkcare Systems
c/o Richard C. Dean, Jr., Esq.
Post Office Box 1028
Montgomery, Alabama  36101

THE LENDING CENTER
GNL-TV
CC 08365

WHEN RECORDED MAIL TO:
Regions Loan Servicing Release
P O Box 4837
Montgomery, AL 36103

2003    83
Recorded in the Above
MORTGAGE  Book & Page
10-02-2003 10:26:48 PM
William C. Stone - Probate Judge
Pike County, AL

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE ONLY



*DOC48304200382000021903000002*

## MORTGAGE

THIS MORTGAGE dated August 22, 2003, is made and executed between CHARLES G. RYLES AKA CHARLIE G. RYLES, whose address is 352 ASTER AVE, TROY, AL 36081-4334; AN UNMARRIED MAN (referred to below as "Grantor") and REGIONS BANK, whose address is 63 SOUTH COURT SQUARE, TROY, AL 36081 (referred to below as "Lender").

**GRANT OF MORTGAGE.** For valuable consideration, Grantor mortgages, grants, bargains, sells and conveys to Lender all of Grantor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights, watercourses and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, (the "Real Property") located in PIKE County, State of Alabama:

See Exhibit "A", which is attached to this Mortgage and made a part of this Mortgage as if fully set forth herein.

The Real Property or its address is commonly known as 352 ASTER AVE, TROY, AL 36081-4334.

Grantor presently assigns to Lender all of Grantor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property. In addition, Grantor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

THIS MORTGAGE, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER THE NOTE, THE RELATED DOCUMENTS, AND THIS MORTGAGE. THIS MORTGAGE IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

**GRANTOR'S WAIVERS.** Grantor waives all rights or defenses arising by reason of any "one action" or "anti-deficiency" law, or any other law which may prevent Lender from bringing any action against Grantor, including a claim for deficiency to the extent Lender is otherwise entitled to a claim for deficiency, before or after Lender's commencement or completion of any foreclosure action, either judicially or by exercise of a power of sale.

**GRANTOR'S REPRESENTATIONS AND WARRANTIES.** Grantor warrants that: (a) this Mortgage is executed at Borrower's request and not at the request of Lender; (b) Grantor has the full power, right, and authority to enter into this Mortgage and to hypothecate the Property; (c) the provisions of this Mortgage do not conflict with, or result in a default under any agreement or other instrument binding upon Grantor and do not result in a violation of any law, regulation, court decree or order applicable to Grantor; (d) Grantor has established adequate means of obtaining from Borrower on a continuing basis information about Borrower's financial condition; and (e) Lender has made no representation to Grantor about Borrower (including without limitation the creditworthiness of Borrower).

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Mortgage, Borrower shall pay to Lender all Indebtedness secured by this Mortgage as it becomes due, and Borrower and Grantor shall strictly perform all Borrower's and Grantor's obligations under this Mortgage.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.** Borrower and Grantor agree that Borrower's and Grantor's possession and use of the Property shall be governed by the following provisions:

Possession and Use. Until the occurrence of an Event of Default, Grantor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) collect the Rents from the Property.

Duty to Maintain. Grantor shall maintain the Property in good condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

Compliance With Environmental Laws. Grantor represents and warrants to Lender that: (1) During the period of Grantor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property; (2) Grantor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any Environmental Laws, (b) any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (3) Except as previously disclosed to and acknowledged by Lender in writing, (a) neither Grantor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Grantor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Grantor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Mortgage. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Grantor or to any other person. The representations and warranties contained herein are based on Grantor's due diligence in investigating the Property for Hazardous Substances. Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Mortgage or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Grantor's ownership or interest in the Property, whether or not the same was or should have been known to Grantor. The provisions of this section of the Mortgage, including the obligation to indemnify, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Mortgage and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

Nuisance, Waste. Grantor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Grantor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

Removal of Improvements. Grantor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any Improvements, Lender may require Grantor to make arrangements satisfactory to Lender to

**MORTGAGE**
(Continued)

Page 5

without limitation, obtaining injunctive relief or a temporary restraining order; invoking a power of sale under any deed of trust or mortgage; obtaining a writ of attachment or imposition of a receiver; or exercising any rights relating to personal property, including taking or disposing of such property with or without judicial process pursuant to Article 9 of the Uniform Commercial Code. Any disputes, claims, or controversies concerning the lawfulness or reasonableness of any act, or exercise of any right, concerning any Property, including any claim to rescind, reform, or otherwise modify any agreement relating to the Property, shall also be arbitrated, provided however that no arbitrator shall have the right or the power to enjoin or restrain any act of any party. Judgment upon any award rendered by any arbitrator may be entered in any court having jurisdiction. Nothing in this Mortgage shall preclude any party from seeking equitable relief from a court of competent jurisdiction. The statute of limitations, estoppel, waiver, laches, and similar doctrines which would otherwise be applicable in an action brought by a party shall be applicable in any arbitration proceeding, and the commencement of an arbitration proceeding shall be deemed the commencement of an action for these purposes. The Federal Arbitration Act shall apply to the construction, interpretation, and enforcement of this arbitration provision.

**Caption Headings.** Caption headings in this Mortgage are for convenience purposes only and are not to be used to interpret or define the provisions of this Mortgage.

**Governing Law.** This Mortgage will be governed by and interpreted in accordance with federal law and the laws of the State of Alabama. This Mortgage has been accepted by Lender in the State of Alabama.

**Joint and Several Liability.** All obligations of Borrower and Grantor under this Mortgage shall be joint and several, and all references to Grantor shall mean each and every Grantor, and all references to Borrower shall mean each and every Borrower. This means that each Borrower and Grantor signing below is responsible for all obligations in this Mortgage.

**No Waiver by Lender.** Grantor understands Lender will not give up any of Lender's rights under this Mortgage unless Lender does so in writing. The fact that Lender delays or omits to exercise any right will not mean that Lender has given up that right. If Lender does agree in writing to give up one of Lender's rights, that does not mean Grantor will not have to comply with the other provisions of this Mortgage. Grantor also understands that if Lender does consent to a request, that does not mean that Grantor will not have to get Lender's consent again if the situation happens again. Grantor further understands that just because Lender consents to one or more of Grantor's requests, that does not mean Lender will be required to consent to any of Grantor's future requests. Grantor waives presentment, demand for payment, protest, and notice of dishonor.

**Severability.** If a court finds that any provision of this Mortgage is not valid or should not be enforced, that fact by itself will not mean that the rest of this Mortgage will not be valid or enforced. Therefore, a court will enforce the rest of the provisions of this Mortgage even if a provision of this Mortgage may be found to be invalid or unenforceable.

**Merger.** There shall be no merger of the interest or estate created by this Mortgage with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Successors and Assigns.** Subject to any limitations stated in this Mortgage on transfer of Grantor's interest, this Mortgage shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Mortgage and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Mortgage or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Mortgage.

**Waive Jury.** All parties to this Mortgage hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party.

**Waiver of Homestead Exemption.** Grantor hereby releases and waives all rights and benefits of the homestead exemption laws of the State of Alabama as to all Indebtedness secured by this Mortgage.

**DEFINITIONS.** The following words shall have the following meanings when used in this Mortgage:

**Borrower.** The word "Borrower" means CHARLIE G. RYLES and includes all co-signers and co-makers signing the Note.

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Mortgage in the events of default section of this Mortgage.

**Grantor.** The word "Grantor" means CHARLES G. RYLES AKA CHARLIE G. RYLES.

**Guaranty.** The word "Guaranty" means the guaranty from guarantor, endorser, surety, or accommodation party to Lender, including without limitation a guaranty of all or part of the Note.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Lender to enforce Grantor's obligations under this Mortgage, together with interest on such amounts as provided in this Mortgage.

**Lender.** The word "Lender" means REGIONS BANK, its successors and assigns. The words "successors or assigns" mean any person or company that acquires any interest in the Note.

**Mortgage.** The word "Mortgage" means this Mortgage between Grantor and Lender.

**Note.** The word "Note" means the promissory note dated August 22, 2003, in the original principal amount of $15,008.87 from Borrower to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement.

**Personal Property.** The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Grantor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.** The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.** The words "Real Property" mean the real property, interests and rights, as further described in this Mortgage.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all present and future rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property.

Loan No: D2Z0038Z000021363

MORTGAGE
(Continued)

Recorded in Above
MORTGAGE  Book & Page
10-02-2003 10:26:45 AM

Page 6

GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS MORTGAGE, AND GRANTOR AGREES TO ITS TERMS.

THIS MORTGAGE IS GIVEN UNDER SEAL AND IT IS INTENDED THAT THIS MORTGAGE IS AND SHALL CONSTITUTE AND HAVE THE EFFECT OF A SEALED INSTRUMENT ACCORDING TO LAW.

GRANTOR:

X _____ (Seal)
CHARLES G. RYLES AKA CHARLIE G. RYLES,
Individually

This Mortgage prepared by:

Name: JAMES R. KETCHUM
Address: 82 SOUTH COURT SQUARE
City, State, ZIP: TROY, AL 36081

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF _Alabama_____ )
                                   ) SS
COUNTY OF _Pike_____ )

I, the undersigned authority, a Notary Public in and for said county in said state, hereby certify that CHARLES G. RYLES AKA CHARLIE G. RYLES, AN UNMARRIED MAN, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of said Mortgage, he or she executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this ___22nd___ day of ___August____, 20_03_.

_____
Notary Public

My commission expires __2-16-07___

EXHIBIT "A"

Lot 6, according to the plat of Thomas Heights Subdivision as recorded in the Office of
the Judge of Probate of Pike County, Alabama in Plat Book 3, Page 127.


2003    89
Recorded in the Above
MORTGAGE  Book & Page
10-02-2003 10:26:48 AM
William C. Stone - Probate Judge
Pike County, AL
Book/Pg: 2003/83
Term/Cashier: VAULT / DONNAF
Trant 3.42.53
Recorded: 10-02-2003 10:28:47
MTG Mortgage Tax                   22.65
REC Recording Fee                  37.00
SRF Special Recording Fee           7.00
Total Fees:  $ 66.65

MORTGAGE AND SECURITY AGREEMENT

COUNTY OF ___P.___ )                                                    ("Mortgage")

This document is also a financing statement filed as a fixture filling pursuant to <u>Ala. Code</u> § 7-9-402(6) (1975), and should be indexed in the index of financing statements under the names of Mortgagor, as debtor, and Mortgagee, as secured party.

☐ (Check box if applicable) This Mortgage is a "construction mortgage" within the meaning of such term in <u>Ala. Code</u> § 7-9-313(1)(c) (1975) and <u>Ala. Code</u> § 7-9-313(6) (1975).

**KNOW ALL MEN BY THESE PRESENTS:** That whereas   CHARLES G. RYLES a/k/a

CHARLES G. RYALS, a single man,                                      

ha<u>s</u>___ become justly indebted to FIRST ALABAMA BANK, an Alabama banking corporation, whose address is
·   <u>   P. O. Box 569, Troy, AL 36081                    </u>(the "Mortgagee"), in the
principal sum of ____<u>Forty Seven Thousand Five Hundred Dollars and No/100</u>_____
(\$ ___<u>47,500.00</u>___ ) Dollars, together with interest thereon, as evidenced by one or more promissory notes, guaranties
or other documents delivered to, or letters of credit issued by, Mortgagee:

NOW, THEREFORE, in consideration of the premises and in order to secure the payment of said indebtedness (including any future advances) and any renewal or extensions thereof and any other indebtedness now or hereafter owed by any of the above-named to Mortgagee, whether such indebtedness is primary or secondary, direct or indirect, contingent or absolute, matured or unmatured, joint or several, or otherwise secured or not (except a principal dwelling shall not secure any such other indebtedness incurred for personal, family, or household purposes unless a right of rescission has been given or the transaction is otherwise exempt from federal regulations applicable to consumer credit), and to secure compliance with all of the covenants and stipulations hereinafter contained,   CHARLES G. RYLES a/k/a

CHARLES G. RYALS

(whether one or more, the "Mortgagor") does hereby grant, bargain, sell and convey unto Mortgagee the real property situated in
_____<u>Pike</u>_____County, State of Alabama, that is described below or in an attachment or exhibit hereto:

<u>Parcel #1:</u> Lot 6, according to the plat of Thomas Heights Subdivision as recorded in the Office
of the Judge of Probate of Pike County, Alabama in Plat Book 3, page 127.

<u>Parcel #2:</u> Lot 2, Block 1, of the Tate Street Area as shown on the Plat of Tate Street
Subdivision on file in the Office of the Judge of Probate in Plat Book 3, page 109, Pike County
Courthouse.

Together with all rents and other revenues thereof and all rights, privileges, easements, tenements, interests, improvements and appurtenances thereunto belonging or in any wise appertaining, including any after-acquired title and easements (collectively, the "Property"), also together with all rights, title and interests now or hereafter owned by Mortgagor in and to all buildings and improvements, windows, doors, heating, lighting, ventilating, air conditioning, refrigerating and cooking apparatus, elevators, plumbing, sprinkling systems, detection devices and other equipment and fixtures now or hereafter attached or appertaining to the Property (collectively, the "Improvements").

TO HAVE AND TO HOLD the same and every part thereof unto Mortgagee, its successors and assigns forever.

And for the consideration aforesaid, and as additional security for all of the indebtedness described above (including any future advances), Mortgagor hereby assigns and transfers to Mortgagee, and grants to Mortgagee a security interest in, all building materials, equipment, fixtures and fittings of every kind or character that improve or are intended to improve the Property, including, without limitation, all lumber, bricks, building blocks, sand, cement, roofing materials, paint, doors, windows, nails, wiring, hardware, plumbing and plumbing fixtures, heating and air conditioning equipment, electrical and gas equipment, piping, decorative fixtures, and in general all building materials, equipment and appliances of every kind and character, wherever located or stored, and whether now owned or hereafter acquired by Mortgagor (collectively, the "Personal Property"); provided, however, that for any consumer credit obligation secured hereby, Mortgagee waives any non-purchase money security interest in "household goods" as defined in federal regulations applicable to unfair or deceptive credit contract provisions and further waives any security interest in "consumer goods" purchased more than twenty (20) days after Mortgagee gives value. The Property, the Improvements and the Personal Property are hereinafter collectively called the "Mortgaged Property."

And for the purpose of further securing the payment of said indebtedness Mortgagor warrants, covenants and agrees with Mortgagee, its successors and assigns as follows:

1.  Mortgagor is lawfully seized in fee simple and possessed of the Mortgaged Property and has a good right to convey the same as aforesaid. The Mortgaged Property is free and clear of all encumbrances, easements, and restrictions not herein specifically mentioned. Mortgagor will warrant and forever defend the title to the Mortgaged Property against the claims of all persons whomsoever.

2.  Mortgagor shall pay all taxes and assessments upon the Mortgaged Property, as well as all other liens or mortgages taking priority over this Mortgage. If the Mortgaged Property or any part thereof is a unit in a condominium or a planned unit development, Mortgagor shall perform all of Mortgagor's obligations under the declaration or covenants creating or covering the condominium or planned unit development, the bylaws and regulations of the condominium or planned unit development, and any related documents.

regulatory control over a ........ rtgaged Property, and neither covenants and agrees to provide them,  .... gage hereof and a copy of any and all envi-
vironmental inspections ........ .st results conducted in, on, or under the Mortgaged Property. Any en- ........ aken by Mortgagee pursuant hereto shall
be solely for Mortgagee's benefit.

13. All the covenants and agreements of Mortgagor herein contained shall extend to and bind its or their heirs, execution, administrators, successors and assigns, and such covenants and agreements and all options, rights, privileges and powers herein given, granted or secured to Mortgagee shall inure to the benefit of the successors or assigns of Mortgagee. The representations, warranties, covenants, indemnities, and other obligations of Mortgagor contained herein shall survive the satisfaction of this Mortgage and shall remain in full force and effect thereafter. The provisions of this Mortgage and any documents evidencing the indebtedness secured hereby are severable, and the invalidity or unenforceability of any provision of this Mortgage or of any of said documents shall not affect the validity and enforceability of the other provisions of this Mortgage or of said documents. The remedies provided to Mortgagee herein are cumulative with the rights and remedies of Mortgagee at law and in equity, and such rights and remedies may be exercised concurrently or consecutively. Time is of the essence with respect to every covenant contained in this Mortgage.

14. This Mortgage is and shall be deemed a security agreement as defined in the Alabama Uniform Commercial Code for purposes of the Personal Property described herein. Mortgagor agrees to execute and deliver on demand such other security agreements, financing statements and other documents as Mortgagee may reasonably request in order to perfect its security interest or to impose the lien hereof more specifically upon any of the Personal Property. On demand, Mortgagor will promptly pay all costs and expenses of filing financing statements, continuation statements, partial release, and termination statements deemed necessary or appropriate by Mortgagee to establish and maintain the validity, perfection and priority of the security interest of Mortgagee hereby granted, or any modification thereof, and all costs and expenses of any record searches reasonably required by Mortgagee. A copy of this Mortgage may be filed as a financing statement in any public office.

15. The indebtedness hereby secured shall at once become due and payable and this Mortgage subject to foreclosure as herein provided at the option of Mortgagee when and if any statement of lien is filed under the statutes of Alabama relating to liens of mechanics and materialmen, without regard to the form and contents of such statement and without regard to the existence or non-existence of the debt or any part thereof or to the lien on which such statement is based, provided that said statement of lien is not otherwise satisfied by Mortgagor or bonded to the satisfaction of Mortgagee within three (3) business days after the date of filing.

UPON CONDITION, HOWEVER, that if any and all indebtedness hereby secured (which in addition to the principal sum set forth above with interest thereon shall include renewals and extensions thereof and all future advances, payment of taxes and insurance, the satisfaction of prior encumbrances, and any other indebtedness owed to Mortgagee before the satisfaction of this Mortgage) is fully paid as it shall become due and payable, and Mortgagor does and performs all covenants and stipulations by it or them herein agreed to be done according to the tenor and effect hereof, then and in that event only, this conveyance and the security interest herein granted shall be and become null and void.

SHOULD DEFAULT be made in the payment of any indebtedness hereby secured or any renewals or extensions thereof or any part thereof, or should any interest thereon remain unpaid at maturity, or should default be made in the repayment of any sum expended by Mortgagee under the authority of any of the provisions of this Mortgage, or should the interest of Mortgagee in the Mortgaged Property become endangered by reason of the enforcement of any lien or encumbrance thereon, or should a petition to condemn any part of the Mortgaged Property be filed by any authority, person or entity having power of eminent domain, or should any law, either federal or state, be passed imposing or authorizing the imposition of a specific tax upon this Mortgage or the indebtedness hereby secured, or permitting or authorizing the deduction of any such tax from the principal or interest secured by this Mortgage or by virtue of which any tax or assessment upon the Mortgaged Property shall be charged against the owner of this Mortgage, or should at any time any of the stipulations and covenants contained in this Mortgage or in any documents evidencing the indebtedness secured hereby be declared invalid or unenforceable by any court of competent jurisdiction, or should Mortgagor fail to do and perform any other act or thing herein required or agreed to be done, THEN in any of said events the whole of the indebtedness hereby secured, or any portion or part thereof which may at said date not have been paid, with interest thereon, shall at once become due and payable and this Mortgage subject to foreclosure at the option of Mortgagee, notice of the exercise of such option being hereby expressly waived by Mortgagor, and Mortgagee shall have the right to enter upon and take possession of the Property and Improvements and after or without taking such possession to sell the same before the County Court House door considered the front or main door to the County Court House in the county or division of the county where the Property, or any substantial part of the Property, is located, at public outcry for cash, after first giving notice of the time, place and terms of such sale by publication once a week for three successive weeks prior to said sale in some newspaper published in said county; and upon the payment of the purchase price, Mortgagee, or owner of the indebtedness and this Mortgage, or auctioneer at said sale, is authorized to execute to the purchaser for and in the name of Mortgagor a good and sufficient deed to the Property and Improvements, or any part thereof, sold.

Upon the occurrence of any event that would subject this Mortgage to foreclosure, Mortgagee shall have the rights and remedies of a secured party after default by its debtor under the Alabama Uniform Commercial Code, including, without limitation, the right to take possession of any of the Personal Property and to sell the same at one or more public or private sales, at the election of Mortgagee. At Mortgagee's request, Mortgagor agrees to assemble the Personal Property and to make the same available to Mortgagee at such place as Mortgagee shall reasonably designate. Mortgagor agrees that notice of the time and place of any public sale or of the time after which any private sale or other intended disposition of the Personal Property, or of any part thereof, will be held shall be sufficient if delivered to Mortgagor or mailed to Mortgagor at the address set forth herein or such other address as Mortgagor shall have furnished to Mortgagee in writing for the purpose, not less than seven days before the date of such sale or other intended disposition of the Personal Property.

Mortgagee shall apply the proceeds of any sale or sales under this Mortgage as follows: First, to the expense of advertising, selling and conveying (including a reasonable attorney's fee incurred by Mortgagee in connection therewith or in connection with any proceeding whatsoever, whether bankruptcy or otherwise, seeking to enjoin or stay the foreclosure of this Mortgage, or otherwise challenging the right of Mortgagee to foreclose this Mortgage); second, to the payment of any amounts that may have been expended or that may be appropriate to expend in paying insurance, taxes, assessments, and other liens and other mortgages, and in making repairs to the Mortgaged Property or any portion thereof, together with interest thereon; third, to the payment of the indebtedness hereby secured and late charges and interest thereon in such order as Mortgagee may elect, whether the same shall or shall not have fully matured at the date of said sale, but no interest shall be collected beyond the date of sale; and fourth, the balance, if any, to be paid over to Mortgagor or to whomever then appears of record to be the owner of Mortgagor's interest in the Mortgaged Property, including without limitation, any subordinate lienholder. Mortgagee may bid and become the purchaser of the Mortgaged Property at any foreclosure sale hereunder. Mortgagor hereby waives any requirement that the Property and Improvements be sold in separate tracts and agrees that Mortgagee, in its sole discretion, may sell the Property and Improvements en masse regardless of the number of parcels hereby conveyed.

IN WITNESS WHEREOF, Mortgagor has hereunto set his, her or their hand(s) and seal(s), or has caused this Mortgage to be executed by its or their duly authorized officer or representative, this    7th    day of    December    , 19 94 .

This document was prepared by:

Mr. James Ketchum
First Alabama Bank
P. O. Box 569
Troy, AL 36081

MORTGAGOR:

_Charles G. Ryles_ (SEAL)
Charles G. Ryles a/k/a Charles G. Ryals

_____ (SEAL)

By _____

Its _____

5/3

BOOK                    PAGE

CERTIFICATE

State of Alabama          )
        Pike     County    )

In compliance with Ala. Code § 40-22-2 (1975), the owner of this Mortgage hereby certifies that the amount of indebtedness presently incurred is _____ 47,500.00 _____ upon which the mortgage tax is paid herewith, and owner agrees that no additional or subsequent advances will be made under this Mortgage unless the Mortgage tax on such advances is paid into the appropriate Judge of Probate office no later than each September hereafter or a document evidencing such advances is filed for record in the above said office and the recording fee and tax applicable thereto paid.

Mortgagor: **Charles G. Ryles, a/k/a**
           **Charles G. Ryals**

Date, Time and Volume and
Page of recording as shown hereon.

Mortgagee: First Alabama Bank

By _____ *James Roy Ketchum* _____

        James R. Ketchum, its Vice President
Title

---

STATE OF ALABAMA          )
COUNTY OF   PIKE          )                                INDIVIDUAL ACKNOWLEDGEMENT

I,  Sheila D. Lee _____, a Notary Public in and for said County, in said State, hereby certify that
Charles G. Ryles, a single man, _____, whose name is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance,  he  executed the same voluntarily on the day the same bears date.

Given under my hand and official seal, this  7th  day of  December  19 94

_____ *Sheila D. Lee* _____                    SHEILA D. LEE
Notary Public                                       Notary Public, Pike Co., AL
My commission expires: _____              My Comm. Expires Aug. 1, 1998

---

STATE OF ALABAMA          )
COUNTY OF _____    )                                INDIVIDUAL ACKNOWLEDGEMENT

I, _____, a Notary Public in and for said County, in said State, hereby certify that
_____, whose name is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, _____ executed the same voluntarily on the day the same bears date.

Given under my hand and official seal, this _____ day of _____, 19 _____

_____
Notary Public
My commission expires: _____

---

STATE OF ALABAMA          )
COUNTY OF _____    )                                CORPORATE ACKNOWLEDGEMENT

I, _____, a Notary Public in and for said County, in said State, hereby certify that
_____, whose name as _____ of _____, a corporation, is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of said conveyance, _____ as such officer and with full authority, executed the same voluntarily for and as the act of said corporation, on the day the same bears date.

Given under my hand and official seal, this _____ day of _____, 19 _____

_____
Notary Public
My commission expires: _____

---

PLEASE RETURN TO:

MORTGAGE
AND
SECURITY AGREEMENT

THE STATE OF ALABAMA,
_____

Office of the Judge of Probate

I hereby certify that the within Mortgage was in this office for record on this _____ day of _____ 19____ at _____ o'clock ____ M., and duly recorded in Volume _____ of Mortgages, at page _____

_____ *Judge* _____
Judge of Probate

$11.00
71.25
$82.25 ✓

First Alabama Bank

RES. INK—Rev. 6/93

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| REGIONS BANK, a<br>state banking association,<br><br>    Plaintiff,<br><br>v.<br><br>ESTATE OF CHARLES G. RYLES,<br>CHECKCARE SYSTEMS,<br>ANDREANA PHIPHER, BLENDA<br>RYLES, CHARLENE RYLES,<br>CHRISTOPHER RYLES, DOROTHY<br>D. RYLES, GREGORY D. RYLES,<br>KERONICA RYLES, KIMBERLY<br>RYLES and SANDRA RYLES,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. CV-05-0014-B |

## FIRST AMENDED COMPLAINT

### Parties

1.    Plaintiff, Regions Bank ("Regions"), is a state banking association with offices in and transacting business within Pike County, Alabama.

2.    Defendant, Estate of Charles G. Ryles ("Estate"), whose Administratrix is Charlene Ryles, is being administered in the Probate Court of Pike County, Alabama styled *In re The Estate of Charles G. Ryles, Deceased*; Case No. PC-2003-289 ("Probate Proceedings").

3.    Defendant, Checkcare Systems ("Checkcare"), is, upon information and belief an entity transacting business within Pike County, Alabama.

295810.wpd

PLAINTIFF'S EXHIBIT

4.    Defendants, Andreana Phipher, Blenda Ryles, Charlene Ryles, Christopher Ryles, Dorothy D. Ryles, Gregory D. Ryles, Keronica Ryles, Kimberly Ryles and Sandra Ryles are the heirs and/or devisees of Ryles who do or may claim an interest in the real property described hereinbelow, as are identified in the Probate Proceedings.

### Jurisdiction and Venue

5.    This Court has jurisdiction over this proceeding pursuant to the provisions of *Ala. Code* § 12-11-30(1) (1975).

6.    Venue is proper in this Court pursuant to the provisions of *Ala. Code* § 6-3-2(b) (1975) and *Rule 82(b)(1)(B) and (c)* of the *Alabama Rules of Civil Procedure*.

### Factual Allegations

7.    On or about August 22, 2003, a Promissory Note ("2003 Note") was executed and delivered to Regions in the principal amount of $15,008.87 by Ryles whereby he promised to make monthly payments to Regions. The 2003 Note was secured by a Mortgage dated August 22, 2003 ("2003 Mortgage") executed and delivered by Ryles to Regions granting a first priority lien on certain real property located in Pike County, Alabama ("Property"), more particularly described as follows:

> Lot 6, according to the plat of Thomas Heights Subdivision as recorded in the Office of the Judge of Probate of Pike County, Alabama in Plat Book 3, Page 127.

A copy of the 2003 Mortgage recorded in Book 2003, Page 83 in the Office of the Judge of Probate of Pike County, Alabama is attached hereto as Exhibit A.

8.    The 2003 Note was a renewal of a prior Note from Ryles in favor of Regions dated December 7, 1994 ("1994 Note") and secured by a Mortgage on the Property of even date ("1994 Mortgage"). Neither the indebtedness under the 1994 Note nor the security under the 1994 Mortgage was released or discharged by the 2003 Note and/or the 2003 Mortgage. A copy of the 1994 Mortgage recorded in Book 418, Page 511 in the Office of Judge of Probate of Pike County, Alabama is attached hereto as Exhibit B.

9.    On or about November 24, 2004, an individual named Verlinda Boswell ("Boswell") submitted funds to pay the outstanding indebtedness evidenced by the 2003 Note, apparently in anticipation of receiving a deed to the Property securing the 2003 Mortgage from Regions, which, of course, is a legal impossibility. Boswell demanded that Regions return these funds to her after realizing she could not obtain a deed from Regions, and Regions has done so.

10.    On December 16, 2004, a Discharge of Mortgage ("Discharge) was executed by Regions as to the 2003 Mortgage. A copy of the Discharge recorded in Book 2004, Page 2405 in the Office of the Judge of Probate of Pike County, Alabama is attached hereto as Exhibit C. No discharge or release of the 1994 Mortgage appears of record in the Office of the Judge of Probate of Pike County.

11.    The 2003 Note secured by the 2003 Mortgage has not been paid or satisfied as is erroneously reflected in the Discharge, and the indebtedness due thereunder exceeds $15,000.00. The 1994 Note secured by the 1994 Mortgage has not been paid or satisfied.

12.    Checkcare has a judgment against Ryles in the amount of $573.07, which judgment is recorded in Misc. Book 28, Page 192, in the records of the Office of the Judge of Probate of Pike County, Alabama ("Checkcare Judgment"), prior to recordation of the 2003 Mortgage but subsequent to recordation of the 1994 Mortgage. There are no other mortgages or liens of record filed in the Office of the Judge of Probate of Pike County, Alabama which are prior or junior to the 1994 Mortgage. Regions has filed a Notice of *Lis Pendens* and an Amended Notice of *Lis Pendens* in the Office of the Judge of Probate of Pike County, Alabama, applicable to the Property, copies of which are attached hereto as Exhibits D and E.

### First Cause of Action
### (Expungement of Discharge of Mortgage)

13.    Regions realleges and incorporates by reference the allegations in paragraphs 1 - 12 above.

14.    A manifest injustice will result if the Property is not subject to the 2003 Mortgage of Regions securing the 2003 Note.

15.    There is an actual, justiciable controversy by and between Regions and Defendants as to the rights of Regions as lienor under the 2003 Mortgage on the Property.

16.    Plaintiff seeks declaratory relief and a construction of its rights under the 2003 Mortgage and applicable law with respect to the Property.

17.    Plaintiff further seeks that the Discharge be expunged from the records of the Office of the Judge of Probate of Pike County, Alabama and the 2003 Mortgage reinstated.

WHEREFORE, the premises considered, Plaintiff requests a declaratory judgment construing the rights of Plaintiff as lienor under the 2003 Mortgage and applicable law, expungement of the Discharge and reinstatement of the 2003 Mortgage, and for such other, further and different relief as may be appropriate, together with costs of Court.

### Second Cause of Action
### (Equitable Lien)

18.    Regions realleges and incorporates by reference the allegations in paragraphs 1 - 17 above.

19.    Regions received monies in good faith from Boswell, which monies were applied by Regions to the 2003 Note secured by the 2003 Mortgage, thereby benefitting Defendants' respective interests in the Property.

20.    In the event the Court does not expunge the Discharge and reinstate the 2003 Mortgage, Defendants would be unjustly enriched as a result of the putative satisfaction of the 2003 Note and 2003 Mortgage without Defendants having paid such sums, as well as any possible concomitant effect on the 1994 Note and 1994 Mortgage.

21.    It would be inequitable for Defendants to retain legal title to the Property and enjoy the beneficial interests therein, encumbered only by the Checkcare Judgment, and for the Checkcare Judgment to be a superior lien as to Regions.

WHEREFORE, the premises considered, Plaintiff requests that the Court, in equity, declare an equitable lien upon the Property to the extent that the 1994 Mortgage and/or 2003 Mortgage do not legally and validly create such liens, that said equitable lien be superior to

the Checkcare Judgment,  and for such other, further and different relief as may be appropriate, together with costs of Court.

### Third Cause of Action
### (Declaratory Judgment)

22.     Regions realleges and incorporates by reference the allegations in paragraphs 1 - 21 above.

23.     An actual, justiciable controversy exists between Regions and Defendants regarding the rights of Regions with respect to the 1994 Mortgage and to revival and enforcement of the 2003 Mortgage, and the relative priorities of the 1994 Mortgage, revived 2003 Mortgage and the Checkcare Judgment.

24.     Pursuant to *Ala. Code* § 6-6-220 *et seq.* (1975), Regions requests a declaratory judgment declaring the rights, duties, relative priorities and obligations of the parties with respect to the Property, the 1994 Mortgage, the 2003 Mortgage and the Checkcare Judgment, revival of the 2003 Mortgage and enforcement thereof for the benefit of Regions.

WHEREFORE, the premises considered, Plaintiff demands declaratory judgment that the 2003 Mortgage may be revived and enforced for the benefit of Plaintiff, and that, the 1994 Mortgage is superior to the Checkcare Judgment, and for such other, further and different relief, as may be appropriate, together with costs of Court.

_(signature)_

Alan C. Christian                          CHR010
Rick A. LaTrace                            LAT107
Attorneys for Plaintiff,
    Regions Bank
Post Office Box 1988
Mobile, Alabama 36633
(251) 432-7682; fax (251) 432-2800

OF COUNSEL:

JOHNSTONE, ADAMS, BAILEY, GORDON & HARRIS, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon counsel for the parties to this proceeding by mailing the same by United States Mail, first class postage prepaid, on this __18th__ day of February, 2005, as follows:

James N. Thomas, Esq.                    Richard C. Dean, Jr., Esq.
Post Office Box 974                      Post Office Box 1028
Troy, Alabama 36081                      Montgomery, Alabama 36101

_(signature)_

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL**

    Ms. Andreana Phipher
    80 Country View Drive
    Shorter, Alabama 36075

All other Defendants are accepting service of process and submitting appropriate acceptances to the Clerk.

295810.wpd                                        7