IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| REGIONS BANK, a state banking association, | ) ) ) CIVIL ACTION NO. 2:05-CV-1003-B ) |
| Plaintiff and Counter Claim Defendant as to Parcel 1 | ) ) ) |
| CHARLENE RYLES, Administrator of the Estate of Charlie G. Ryles and CHARLENE RYLES, individually | ) ) ) ) |
| Counter/Cross Claim Plaintiff. | ) ) |
| v. | ) ) |
| THE ESTATE OF CHARLES G. RYLES; CHECK CARE SYSTEMS; ANDREANA PHIPHER; BLENDA RYLES; CHARLENE RYLES; CHRISTOPHER RYLES; DOROTHY D. RYLES; GREGORY D. RYLES; KERONICA RYLES; KIMBERLY RYLES; SANDRA RYLES; and UNITED STATES OF AMERICA/IRS | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants; Counter Claim Defendants; and Cross Claim Defendants. | ) ) ) |

**JOINT MOTION AND STIPULATION OF FACTS BY THE PARTIES REQUESTING THE COURT ADOPT THE STATE COURT PLEADINGS, ORDERS AND OTHER COURT PAPERS FOR SALE FOR DIVISION OF REAL ESTATE AND ORDER SALE OF REAL ESTATE**

COME NOW Defendant, Counter and Cross Claim Plaintiff, Charlene Ryles, Administrator of the Estate of Charles G. Ryles, by and through her counsel of record, Plaintiff, Regions Bank ("Regions") by and through its counsel of record, and Defendant,

United States of America/Internal Revenue Service ("IRS") by and through the United States District Attorney, and move this Court to enter an Order adopting the previous findings and ruling of the Circuit Court of Pike County which previously ordered the subject property (Parcels 1 and 2) sold for division, and for grounds in support, state as follows:

1.  This case originated in the Circuit Court of Pike County as a Declaratory Action to reinstate a mortgage from Charles G. Ryles in favor of Regions dated August 22, 2003 and recorded in the Office of the Judge of Probate of Pike County, Alabama in Book 2003, Page 83 that was released of record by error as alleged by Regions as to the following described real property in Pike County, Alabama ("Parcel 1"):

> Lot 6 according to the Plat of Thomas Heights Subdivision as recorded in the Office of the Judge of Probate of Pike County, Alabama in Plat Book 3, page 127.

An Answer was filed by Charlene Ryles, Administrator of the Estate of Charles G. Ryles along with a Counter Claim for Sale for Division of Parcel 1 on which Regions was attempting to reinstate its Mortgage and for the sale of one additional parcel that was not encumbered by a mortgage ("Parcel 2") also located in Pike County, Alabama and described as follows:

> Commencing at the intersection of the East line of the Northeast quarter of the Southwest quarter, Section 29, Township 9 North, Range 20 East, and the North right of way of the Goshen-Little Oak paved highway; thence South 69 degrees 45 minutes West 91.1 feet along the highway right of way; thence North 11 degrees 25 minutes West 163.1 feet; thence North 69 degrees 45 minutes East 135.2 feet; thence South 11 degrees 25 minutes East 163.1 feet to the highway right of way; thence South 69 degrees 45 minutes West 44.1 feet along the highway right of way to the point of beginning. Said lot lying

and being in the Northeast quarter of the Southwest quarter, the Southeast quarter of the Northwest quarter, the Southwest quarter of the Northeast quarter, and the Northwest quarter of the Southeast quarter, all in Section 29, Township 9 North, Range 20 East.

2. An agreement was reached by all of the parties that the Mortgage held by Regions was proper and was erroneously released by Regions, and that said Mortgage should be reinstated. All parties agreed to sell, and the Court ordered the sale of the two parcels which were the subject matter of the Counter Claim for the Sale for Division, and to payoff the reinstated Regions Mortgage from the proceeds of the sale of Parcel 1 in the Complaint for Sale for Division.

3. On the day before the sale was to take place, a title search revealed the existence of a lien in favor of the IRS against Gregory D. Ryles, one of the nine heirs of Charles G. Ryles, recorded in the Office of the Judge of Probate of Pike County in Book 2004, Page 120. This lien was inadvertently missed in a prior title search conducted for Regions prior to the filing of the Complaint by Regions.

4. The sale was postponed so that the IRS could be made a proper party to the action.

5. Once the IRS was made a party, the United States Attorney removed the case to this Federal Court.

6. The only matter that arises out of the addition of the United States of America to this action is whether or not the IRS holds a valid lien against the interest of Gregory D. Ryles in the property as to which Regions seeks reinstatement of its Mortgage (Parcel 1) and

the other parcel (Parcel 2), and whether the lien of the IRS is superior to the reinstated Regions Mortgage.

7. The parties agree that all pleadings and other court papers from the State litigation in Case Number CV2005-14B, as well as filed in this litigation, control the issues in the above styled cause.

8. The parties agree that the Regions Mortgage should be reinstated as to Parcel 1 and that the lien of the IRS be inferior thereto. The parties agree that the lien of the IRS encumbers the interest of Gregory D. Ryles in Parcel 2.

9. The parties agree that the findings and rulings made by the Circuit Court of Pike County in Case Number CV05-B-014 are correct and proper with the exception that the Order did not provide for the payment of part of the proceeds of the share of Gregory D. Ryles to the IRS to satisfy its lien filed in the Offices of the Judge of Probate of Pike County, Alabama against Gregory D. Ryles. The parties acknowledge that the Court did not address the payment of this lien as its existence was not actually known at the time of the Hearing on the Sale for Division.

10. The parties request that the Court adopt the findings of the "Order of Sale" dated July 21, 2005 of the Circuit Court of Pike County as all parties to this action have previously consented to sell Parcels 1 and 2 as evidenced by said Order and the testimony given at said hearing.

11.     Gregory D. Ryles has filed contemporaneously with this Motion and Stipulation by the Parties a "Consent for Sale of Land and Acknowledgment of Lien Interest Held by the United States of America" in which he acknowledges the IRS holds a properly perfected lien interest against his 1/9th share in Parcels 1 and 2 and he consents to the payment of said IRS lien out of his 1/9th share.

12.     Given the fact that Gregory D. Ryles consents to payment of said lien, there no longer exists any dispute or matter in controversy that would require a Court hearing or trial as all parties are now in agreement for the Court to enter an Order of Sale as previously done by the Circuit Court of Pike County prior to the removal of the case to Federal Court.

13.     The parties hereby request that the Court direct the Clerk or other proper party to publish the enclosed Notice of Sale once a week for three consecutive weeks in the Troy Messenger which is the newspaper published in the county where the property is located. The parties request that the Clerk or other proper party be directed to conduct said sale on the front steps of the Pike County Courthouse and execute an appropriate deed or other form of conveyance to any purchaser at said sale.

14.     The parties request that the Court order said property sold and the proceeds distributed as to Parcel 1 of the Original Complaint for Sale for Division which was filed in Federal Court on January 3, 2006 as: "Answer; Response to Motion to Strike Cross Claim Plaintiff and Counter/Cross Claim Defendant's 1st Amended Complaint and Amended Complaint" as follows:

A. Payment to Regions to satisfy its mortgage debt, legal fees, and expenses;

B. Payment of appropriate attorneys' fees and expenses, as provided by Alabama law, for the sale for division action;

C. Payment of that portion of the 1/9th share of Gregory D. Ryles in an amount necessary to satisfy the lien of the United States/IRS;

D. Then the balance to be paid as follows:

| | |
|---|---|
| Charlene Ryles | 1/9th interest |
| Sandra Ryles | 1/9th interest |
| Andreana Phipher | 1/9th interest |
| Blenda Ryles | 1/9th interest |
| Keronica Ryles | 1/9th interest |
| Kimberly Ryles | 1/9th interest |
| Christopher Ryles | 1/9th interest |
| Dorothy D. Ryles | 1/9th interest |

Payment of that remaining 1/9th interest of Gregory D. Ryles not paid to the IRS to Gregory D. Ryles.

15. As to Parcel 2 of the Original Complaint for Sale for Division which was filed in Federal Court on January 3, 2006 as: "Answer; Response to Motion to Strike Cross Claim Plaintiff and Counter/Cross Claim Defendant's First Amended Complaint and Amended Complaint", the parties request that the proceeds be disbursed as follows:

A. Payment of appropriate attorneys' fees and expenses, as provided by Alabama law, for filing the sale for division;

B. Payment of that portion of the 1/9th share of Gregory D. Ryles to satisfy the lien held by the United States/IRS if not satisfied from the sale of Parcel 1;

C. Then the balance to be paid as follows:

| | |
|---|---|
| Charlene Ryles | 1/9th interest |
| Sandra Ryles | 1/9th interest |
| Andreana Phipher | 1/9th interest |
| Blenda Ryles | 1/9th interest |
| Keronica Ryles | 1/9th interest |
| Kimberly Ryles | 1/9th interest |
| Christopher Ryles | 1/9th interest |
| Dorothy D. Ryles | 1/9th interest |

Payment of that remaining 1/9th interest of Gregory D. Ryles not paid to the IRS to Gregory D. Ryles.

WHEREFORE, all premises considered, the parties respectfully request that this Honorable Court enter an Order:

1. Adopting the pleadings, orders and previous rulings and finding of the Circuit Court of Pike County;

2.  Directing the Clerk of the Court or other appropriate person to sell Parcels 1 and 2 as requested in the above stated motion and stipulations; and

3.  Granting any and all such further and different relief to which the parties may otherwise be entitled.

Respectfully submitted this 1st day of August, 2006.

_____
James N. Thomas (THO148)
Attorney for Defendant, Cross and Counter Claim Defendant
Post Office Box 974
Troy, AL 36081-0974
(334) 566-2181

OF COUNSEL:
JAMES N. THOMAS
Attorney at Law
Post Office Box 974
Troy, AL 36081-0974
(334) 566-2181

_____
Alan C. Christian (CHRIA3917)
Attorney for Plaintiff, Regions Bank
Post Office Box 1988
Mobile, AL 36633
(251) 432-7682

OF COUNSEL:
JOHNSTONE, ADAMS, BAILEY, GORDON & HARRIS, L.L.C.

LEURA G. CANARY
United States Attorney

By: /s/ R. Randolph Neeley
R. Randolph Neeley
Assistant United States Attorney
Bar No. 9083-E56R
Attorney for Defendant
Post Office Box 197
Montgomery, AL 36101-0197
(334) 223-7280
(334) 223-7418 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing motion and stipulation on the parties at the following addresses by mailing a copy of same by United States mail properly addressed and first class postage prepaid, on this 1st day of ~~July~~ August, 2006:

Charlene Ryles
Post Office Box 113
441 Bowden Street
Brundidge, AL 36010

Gregory D. Ryles
Route 1, Box 145-J
Troy, AL 36081

Sandra Ryles
Post Office Box 833
Troy, AL 36081

-9-

Blenda Ryles
Post Office Box 1272
351 Aster Avenue
Troy, AL 36081

Keronica Ryles
Post Office Box 833
Troy, AL 36081

Kimberly Ryles
Post Office Box 662
Troy, AL 36081

Christopher Ryles
352 Aster Avenue
Troy, AL 36081

Dorothy D. Ryles
656 Henderson Drive, Apt. 1
Troy, AL 36081

Andreana Phipher
80 County View Drive
Shorter, AL 36075-3562

_____
James N. Thomas

331985.WPD