IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA EASTERN DIVISION

| | |
|---|---|
| REGIONS BANK, a<br>state banking association, | )<br>)<br>) |
| Plaintiff and Counter Claim<br>Defendant as to Parcel 1 | )<br>)<br>) |
| CHARLENE RYLES, Administrator<br>of the Estate of Charlie G. Ryles and<br>CHARLENE RYLES, INDIVIDUALLY | )  CIVIL ACTION NO. 2:05 cv 1003-MHT<br>)<br>)<br>) |
| Cross Claim Plaintiff, | )<br>) |
| V. | )<br>) |
| THE ESTATE OF CHARLES G.<br>RYLES; CHECK CARE SYSTEMS;<br>ANDREANA PHIPHER<br>BLENDA RYLES; CHARLENE<br>RYLES; CHRISTOPHER RYLES;<br>DOROTHY D. RYLES; GREGORY D.<br>RYLES; KERONICA RYLES;<br>KIMBERLY RYLES & SANDRA<br>RYLES, UNITED STATES OF<br>AMERICA/IRS<br>    Defendants; Counter Claim<br>    Defendants; and Cross Claim<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT

STATE OF ALABAMA

COUNTY OF PIKE

Before me, the undersigned authority, personally appeared Thad Yancey, Jr., who being by me first duly sworn on oath, doth depose and say as follows:

I am a licensed, practicing attorney in Troy, Pike County, Alabama. I have been practicing law for 30 years. I am familiar with the services required of an attorney to handle a

"Sale for Division" such as the above action. I have handled cases like this. I am well familiar with the time and effort required by an attorney to pursue such a case.

I have reviewed the file of James N. Thomas pertaining to the above action and note that it is a case where it was difficult to locate some of the co-tenants. I note that he not only filed a sale for Division but defended an initial action brought by Regions Bank to reinstate a mortgage on one of the parcels that is the subject of the Sale. These actions at least arguably prevented one of the parcels from being lost in a foreclosure as it is my understanding the estate was dry or without assets except for the two parcels of property. I note that the sale was basically fully performed in the Circuit Court and then had to be filed in the Federal Court when the Internal Revenue Service was added as a party. I also note that the property was of very little value, but I note that there is a certain amount of work required for any Sale for Division. It is apparent to me that a lot of work has been required of the attorney for the Cross Claim Plaintiff in this case, which has benefitted everyone in bringing this sale to a conclusion so that the proceeds can be divided among co-tenants. I also note that the attorney for the Plaintiff has incurred significant expenses, which have been advanced by him or his client, including the following:

| | |
|---|---|
| $610.00 | Court Costs |
| $679.75 | Publication costs (Notice of sale) |
| $1,289.75 | Total Expenses |

The total expenses certainly appear to be reasonable and necessary under the circumstances in this case.

Even though the sale price of the two parcels was only $42,000.00 and there are significant expenses, my opinion is that a reasonable attorney's fee for the services of the attorney for the Plaintiff would be at least $4,200.00 which is both a reasonable and a necessary service. The time and effort required of the attorney in prosecuting and defending this action

would indicate that the above is a reasonable attorney's fee in this case.

Further, affiant sayeth not.

*Thad Yancey, Jr.*
Thad Yancey, Jr.

Sworn to and subscribed before me this 24th day of October, 2006.

*Amy Hurd*
Notary Public
My Commission Expires: 1-10-10